AO 91 (Rev. 11/11)  Criminal Complaint    (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    3:21MJ184 |
| | ) | |
| | ) | |
| VONDALE DANGERFIELD | ) | |
| | ) | |

*Defendant(s)*

**FILED**
**RICHARD W. NAGEL**
**CLERK OF COURT**

**5/13/21**

**U.S. DISTRICT COURT**
**SOUTHERN DIST. OHIO**
**WEST. DIV. DAYTON**

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ May 12, 2021 _____ in the county of _____ Montgomery _____ in the
_____ Southern _____ District of _____ Ohio _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Felon in possession of a firearm |
| 18 U.S.C. §§ 924(c)(1)(A) & 2 | Possession of a firearm during and relation to a drug trafficking crime |
| 21 U.S.C. §§ 841(a)(1) & (b)(1) | Possesstion with intent to distribute controlled substances |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO MICHAEL T. FULLER, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ FaceTime _____ *(specify reliable electronic means)*.

Date:  _____ 5/13/21 _____

_____
*J*

City and state:  _____ DAYTON, OHIO _____        SHARON L. OVINGTON, U.S. MAGISTRATE JUDGE
_____
*Printed name and title*

## AFFIDAVIT

Your Affiant, Michael T. Fuller, being duly sworn, hereby deposes and states as follows:

### INTRODUCTION

1.      Your Affiant has been a law enforcement officer with the Dayton Police Department since 2001.  Your Affiant is currently assigned as a Task Force Officer (TFO) on the Federal Bureau of Investigation's Southern Ohio Safe Streets Task Force (SOSSTF).  As such, your Affiant is charged with investigating crimes against the United States of America, including but not limited to violations of Title 18 and Title 21 of the United States Code (U.S.C.).  Your Affiant has received training in drug trafficking investigations and has participated in numerous narcotics-related investigations (ultimately leading to successful prosecution) that involved surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance which resulted in the seizure of narcotics. Your Affiant is familiar with federal drug laws and is aware that it is a violation of Title 21, United States Code, Sections 841(a)(1) and 846 to knowingly and intentionally distribute and possess with intent to distribute controlled substances (including heroin and cocaine), as well as to conspire to do the same.  Further, your Affiant is aware of federal firearm laws and knows that possessing firearms in furtherance of a drug trafficking crime is a violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.  In addition, your Affidavit is aware the possession of a firearm by a convicted felon is a violation of Title 18, United States Code, Section 922(g)(1).

### PURPOSE OF AFFIDAVIT

2.      This Affidavit is submitted in support of a criminal complaint and seeks the issuance of an arrest warrant against VONDALE DANGERFIELD for the violation of: 18 U.S.C.

§§ 922(g)(1) and 924(a)(2) possession of a firearm by a convicted felon), 18 U.S.C. §§ 924(c)(1)(A) and 2 (possession of a firearm during and in relation to a drug trafficking crime) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1) (possession with intent to distribute controlled substances). The information contained in this Affidavit is largely based upon an investigation conducted by your Affiant and other law enforcement officers. All of the details of the investigation are not included in this Affidavit, rather only information necessary to establish probable cause of the above-described violations.

## SUMMARY OF PROBABLE CAUSE

3.      On May 12, 2021, at approximately 1:26 a.m., Dayton Police Department (DPD) Officer Rosario Perez and DPD Officer Zachary Boone were on patrol in the area of 150 Front Street, Dayton, Ohio. Due to recent break-ins at 111 Front Street, Willoughby Supply, Officer Perez and Officer Boone drove to the lot, north of said address, to look for suspicious activity. While driving north on Front Street they observed headlights from a vehicle illuminating the wooded area to the rear of 111 Front Street. As Officer Perez and Officer Boone rounded the corner, they observed a black Chevrolet Impala with its engine running, but stationary, located in the middle of the parking lot. As Officer Perez and Officer Boone approached the vehicle, they determined it was occupied by a white female driver and a black male in front seat passenger, it began to pull forward while turning left in an apparent attempt to drive around them. Officer Perez turned on the overhead lights of their marked DPD cruiser, signaling them to stop.

4.      Officer Perez approached the front seat passenger, later identified as VONDALE DANGERFIELD. Officer Boone approached the driver, later identified as Jade Roberts. Officer Perez knocked on the front passenger window and Dangerfield immediately opened the door and presented her with an open bottle of Patron liquor while exiting the car. DANGERFIELD stated

he was getting out of the car because he had been drinking. Officer Perez instructed DANGERFIELD to continue to exit the vehicle while retrieving the bottle of liquor and placing it on the Chevrolet Impala. Officer Perez turned DANGERFIELD away from her while asking if he had any weapons on his person. Officer Perez began to pat down DANGERFIELD for weapons and immediately felt what appeared to be a plastic baggie about the size of a tennis ball, containing a substance resembling large and small rocks, in the front pocket of his sweatshirt. DANGERFIELD lowered his hands and with his left hand began to reach towards the pocket attempting to block Officer Perez. Officer Perez ordered DANGERFIELD to stop reaching towards his pockets while grabbing his arms, but he refused to comply.

5.      Officer Perez called to Officer Boone for assistance in handcuffing DANGERFIELD. Both Officer Perez and Officer Boone again instructed DANGERFIELD to stop reaching for his pockets so they could handcuff him. Officer Perez and Officer Boone grabbed DANGERFIELD's arms while trying to handcuff him, but he was able to pull away and start to run. Officer Perez and Officer Boone tackled DANGERFIELD to the ground near the back of the Impala and Officer Perez used her radio to call for additional police crews. DANGERFIELD managed to stand back up and continue to flee before being tackled to the ground again. DANGERFIELD continued to resist arrest until several more marked DPD units arrived and he was able to be handcuffed.

6.      Officer Perez and Officer Boone located a large baggie of suspected crack cocaine where DANGERFIELD was initially tackled to the ground. This bag was consistent with the bag that Officer Perez felt during her weapons pat down of DANGERFIELD. Upon inspection of the bag, it appeared to contain one large bag of crack cocaine and numerous smaller bags, as if packaged for distribution. The crack cocaine, weighing 67.47 grams (field weight), was tested the

following day by TFO Mollie Hamby with cobalt reagent who noted a positive result and the presence of cocaine. Based on your Affiant's prior law enforcement training and experience, he knows this quantity of crack cocaine is a clearly a "distribution quantity." This cocaine was sent to the Miami Valley Regional Crime Laboratory for analysis.

      7.     An inventory of the Chevrolet Impala was completed, pursuant to DPD tow policy. This inventory revealed a loaded 9mm Glock, semiautomatic handgun, serial number BLRG194, loaded with 33 rounds (including one in the chamber) located under the front passenger seat, within easy reach of DANGERFIELD. This firearm was sent to the Miami Valley Regional Crime Laboratory for operability and analysis. The Chevrolet Impala was towed to Sandy's towing.

      8.     The driver of the Chevrolet Impala, Jade Roberts, was Mirandized and agreed to answer questions without a lawyer present. Roberts stated that she has known DANGERFIELD for approximately 3 months after having met him at a club. Roberts said that she was driving the vehicle because DANGERFIELD does not have a valid driver's license and the vehicle belongs to one of his ex-girlfriends. Roberts stated she had no knowledge of the drugs or firearm.

      9.     Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Christopher Reed advised your Affiant the 9mm Glock, Model 45, serial number BLRG194, semiautomatic handgun is not manufactured in the state of Ohio and as such had to move in interstate commerce to reach DANGERFIELD in this state.

      10.    I conducted a criminal history records check concerning VONDALE DANGERFIELD. In doing so, it was learned VONDALE DANGERFIELD had been convicted of the following felony, punishable by a term of imprisonment exceeding one year – namely:

      a.     Having Weapons While Under Disability (prior offense of violence) O.R.C. § 2923.13 (A2) F3, Montgomery Co. Common Pleas Court, Case Number: 2013CR03258/1

b.   Having Weapons While Under Disability (prior offense of violence) O.R.C. § 2923.12 (A2) F3, Montgomery Co. Common Pleas Court, Case Number: 2006CR04527

c.   Felonious Assault (deadly weapon) O.R.C. § 2903.11 (F2) and Carrying Concealed Weapon (loaded/ammunition ready at hand) O.R.C. § 2923.12 (F4) Montgomery Co. Common Pleas Court, Case Number: 2003CR01519.

11.   Based on the facts set forth in the Affidavit, your Affiant believes there is probable cause to believe that VONDALE DANGERFIELD: on or about May 12, 2021, violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (possession of a firearm by a convicted felon), 18 U.S.C. §§ 924(c)(1)(A) and 2 (possession of a firearm during and in relation to a drug trafficking crime) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1) (possession with intent to distribute controlled substances).

Michael T. Fuller
Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed before me this ___13th___ day of May, 2021.

Sharon L. Ovington
United States Magistrate Judge

5